**CLD-042**                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2533
_____

GREGORY T. REDMOND,
Appellant

v.

FRESH GROCERS STORE
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 10-cv-02320)
District Judge:  Honorable William H. Yohn, Jr.

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 18, 2010

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: December 6, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Appellant Gregory T. Redmond appeals from an order of the District Court

dismissing his complaint against Fresh Grocers Store pursuant to 28 U.S.C. § 1915(e).

We will affirm.

I.

On May 18, 2010, Redmond filed a motion to proceed in forma pauperis with a complaint against Fresh Grocers Store seeking money damages for injuries he sustained when he allegedly burned his hand on a heating unit at the store. Redmond seeks recovery under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301-397 ("FDCA"). He also asserts claims of negligence, negligent infliction of emotional distress, intentional and reckless failure to conform to applicable safety guidelines, and failure to inform.

The District Court concluded that Redmond's claims under the FDCA were barred because the FDCA does not create a private right of action and dismissed the complaint without prejudice to Redmond's right to proceed with a negligence action in state court. This appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We may summarily affirm if the appeal presents no substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

III.

When the District Court dismisses a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2), the District Court must allow the litigant leave to amend his complaint unless any amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002). Here, the District Court

2

correctly concluded that Redmond could not maintain a suit for damages under the FDCA. See 21 U.S.C. § 337(a) (restricting FDCA enforcement to suits by the United States); see also In re Orthopedic Bone Screw Prods. Liab. Litig., 193 F.3d 781, 788-89 (3d Cir. 1999) ("It is well settled . . . that the FDCA creates no private right of action.").

On appeal, Redmond argues that his suit should not have been dismissed because sections 2307.73, 2307.78 and 2307.80 of the "Revised Code" allow punitive or exemplary damages from manufacturers or suppliers. It appears that Redmond is attempting to invoke the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2370.80, which sets forth the standard of proof required to hold a manufacturer liable for compensatory damages based on a product liability claim. That act, however, does not govern this dispute, and there is no parallel language in the FDCA that would permit Redmond to recover in federal court. We agree that any amendment to Redmond's complaint would be futile.[1] See Grayson, 293 F.3d at 106.

## IV.

Accordingly, because there is no substantial question presented, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6.

---

[1] We note that nothing in the District Court's decision prejudices Redmond's right to pursue his state law claims in the appropriate state court.